IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JO ANN ZEITLMAN,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　Plaintiff,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　vs.　　　　　　　　　　　　　　)　　Civil Action No. 15-546
　　　　　　　　　　　　　　　　　　)
CAROLYN W. COLVIN, ACTING　　　　　)
COMMISSIONER OF SOCIAL SECURITY,　　)
　　　　　　　　　　　　　　　　　　)
　　　　　Defendant.　　　　　　　　)

O R D E R

AND NOW, this 21st day of Jume, 2016, upon consideration of Defendant's Motion for Summary Judgment (Doc. No. 14), filed in the above-captioned matter on September 15, 2015,

IT IS HEREBY ORDERED that said Motion is DENIED.

AND, further, upon consideration of Plaintiff's Motion for Summary Judgment (Doc. No. 12), filed in the above-captioned matter on August 18, 2015,

IT IS HEREBY ORDERED that said Motion is GRANTED. Accordingly, this matter is hereby remanded to the Commissioner of Social Security ("Commissioner") for further evaluation under sentence four of 42 U.S.C. § 405(g) in light of this Order.

I.　　**Background**

On February 24, 2011, Plaintiff Jo Ann Zeitlman protectively filed a claim for Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 et seq. Specifically, Plaintiff claimed that she became disabled on December 1, 2010, due to a

1

learning disability, cataracts, carpal tunnel syndrome, depression, hepatitis C, a heart condition, anxiety, illiteracy, hearing loss, anemia, colitis, high blood pressure, degenerative arthritis, and hypertension. (R. 199).

After being denied initially on October 5, 2011, Plaintiff sought, and obtained, a hearing on September 9, 2013, before an Administrative Law Judge ("ALJ"). (R. 34-52). In a decision dated October 31, 2013, the ALJ denied Plaintiff's request for benefits. (R. 8-25). The Appeals Council declined to review the ALJ's decision on February 25, 2015. (R. 1-4). Plaintiff filed a timely appeal with this Court, and the parties have filed cross-motions for summary judgment.

## II. **Standard of Review**

Judicial review of a social security case is based upon the pleadings and the transcript of the record. See 42 U.S.C. § 405(g). The scope of review is limited to determining whether the Commissioner applied the correct legal standards and whether the record, as a whole, contains substantial evidence to support the Commissioner's findings of fact. See Matthews v. Apfel, 239 F.3d 589, 592 (3d Cir. 2001) (noting that "'[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive'" (quoting 42 U.S.C. § 405(g))); Schaudeck v. Comm'r of Soc. Sec. Admin., 181 F.3d 429, 431 (3d Cir. 1999) (stating that the court has plenary review of all legal issues, and reviews the administrative law judge's findings of fact to determine whether they are supported by substantial evidence).

"Substantial evidence" is defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate'" to support a conclusion. Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999) (quoting Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995)). However, a "'single piece of evidence will not satisfy the substantiality test if the [Commissioner] ignores, or fails to resolve, a conflict created by countervailing evidence.'"

Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (quoting Kent v. Schweiker, 710 F.2d 110, 114 (3d Cir. 1983)). "'Nor is evidence substantial if it is overwhelmed by other evidence—particularly certain types of evidence (e.g., that offered by treating physicians)—or if it really constitutes not evidence but mere conclusion.'" Id.

A disability is established when the claimant can demonstrate "some 'medically determinable basis for an impairment that prevents him [or her] from engaging in any substantial gainful activity for a statutory twelve-month period.'" Fargnoli v. Massanari, 247 F.3d 34, 38-39 (3d Cir. 2001) (quoting Plummer, 186 F.3d at 427 (internal citation omitted)). "A claimant is considered unable to engage in any substantial gainful activity 'only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .'" Id. at 39 (quoting 42 U.S.C. § 423(d)(2)(A)).

The Social Security Administration has promulgated regulations incorporating a five-step sequential evaluation process for determining whether a claimant is under a disability as defined by the Act. See 20 C.F.R. § 416.920. In Step One, the Commissioner must determine whether the claimant is currently engaging in substantial gainful activity. See 20 C.F.R. § 416.920(b). If so, the disability claim will be denied. See Bowen v. Yuckert, 482 U.S. 137, 140 (1987). If not, the second step of the process is to determine whether the claimant is suffering from a severe impairment. See 20 C.F.R. § 416.920(c). "An impairment or combination of impairments is not severe if it does not significantly limit [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 416.921(a). If the claimant fails to show that his or her impairments are "severe," he or she is ineligible for disability benefits. If the claimant does have

a severe impairment, however, the Commissioner must proceed to Step Three and determine whether the claimant's impairment meets or equals the criteria for a listed impairment. See 20 C.F.R. § 416.920(d). If a claimant meets a listing, a finding of disability is automatically directed. If the claimant does not meet a listing, the analysis proceeds to Steps Four and Five.

Step Four requires the ALJ to consider whether the claimant retains the residual functional capacity ("RFC") to perform his or her past relevant work, see 20 C.F.R. § 416.920(e), and the claimant bears the burden of demonstrating an inability to return to this past relevant work, see Adorno v. Shalala, 40 F.3d 43, 46 (3d Cir. 1994). If the claimant is unable to resume his or her former occupation, the evaluation then moves to the fifth and final step.

At this stage, the burden of production shifts to the Commissioner, who must demonstrate that the claimant is capable of performing other available work in the national economy in order to deny a claim of disability. See 20 C.F.R. § 416.920(g). In making this determination, the ALJ should consider the claimant's RFC, age, education, and past work experience. See id. The ALJ must further analyze the cumulative effect of all the claimant's impairments in determining whether he or she is capable of performing work and is not disabled. See 20 C.F.R. § 416.923.

### III.  The ALJ's Decision

In the present case, the ALJ found that Plaintiff had not been engaged in substantial gainful activity since February 24, 2011. (R. 13). The ALJ also found that Plaintiff met the second requirement of the process insofar as she had certain severe impairments, specifically, osteoarthritis, status-post cataract removal, hearing loss not treated with cochlear implantation, depressive disorder, hepatitis C, and a history of alcohol abuse. (R. 13). The ALJ concluded that, including the presence of her alcohol abuse, Plaintiff's depressive disorder meets the criteria

of Listing 12.04, Affective Disorders, 20 C.F.R. Part 404, Subpart P, Appendix 1, at Step Three. (R. 13-14). The ALJ further concluded that, if Plaintiff stopped her substance use, she would continue to have severe impairments, but she would not have an impairment that meets or medically equals any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 14).

The ALJ also found that, if Plaintiff stopped her alcohol use, she would retain the RFC to perform medium work as defined in 20 C.F.R. § 416.967(c), except she would require a low-stress, stable work environment where she would perform only routine, repetitive tasks. (R. 15). Consulting a vocational expert ("VE"), the ALJ found at Step Four that, if Plaintiff stopped her alcohol use, she would be able to perform past relevant work as a cleaner. (R. 19-20). Nevertheless, the ALJ then proceeded through the sequential analysis (assuming, *arguendo,* that Plaintiff was actually unable to perform the requirements of past relevant work), inquiring whether a finding of not disabled would also be appropriate at Step Five. (R. 20). Thus, the ALJ then used the VE to determine whether, if Plaintiff stopped her alcohol use, a significant number of jobs would exist in the national economy that Plaintiff could perform. The VE testified that, based on Plaintiff's age, education, past relevant work experience, and RFC, Plaintiff could perform jobs that exist in significant numbers in the national economy, such as a building cleaner, a hand working occupation, and a hand packer. (R. 20, 49-50). Accordingly, the ALJ found that Plaintiff was not disabled. (R. 21).

**IV. <u>Legal Analysis</u>**

Plaintiff argues, in essence, that her RFC is not supported by substantial evidence, and thus that the VE's response to the ALJ's corresponding hypothetical question (upon which the ALJ relied in determining Plaintiff's non-disability) does not constitute substantial evidence.

More specifically, Plaintiff contends that the ALJ erred in not including in her RFC any limitations related to her moderate limitations in social functioning. The Court finds that, because the ALJ failed to address properly the issue of Plaintiff's impaired social functioning—either by including a relevant limitation in the RFC, or by providing an adequate explanation for his decision not to do so—substantial evidence does not support the ALJ's formulation of Plaintiff's RFC, nor does the VE's response to the corresponding hypothetical question constitute substantial evidence upon which the ALJ could properly rely at Steps Four and/or Five of the sequential analysis. Accordingly, the Court will remand the case for further consideration.

As noted above, in determining Plaintiff's RFC, the ALJ included certain limitations resulting from Plaintiff's impairments, including limiting Plaintiff to work at the medium exertional level and requiring a low-stress, stable work environment where Plaintiff would perform only routine, repetitive tasks. When posing his hypothetical question to the VE, the ALJ also included only these same limitations as well. (R. 49-50). Plaintiff points out, however, that the ALJ failed also to include—or to provide any explanation as to why he chose not to include—any limitation geared toward Plaintiff's impairments in social functioning. Notably, the ALJ declined to address this issue even though he specifically found at Steps Two and Three that the record establishes that Plaintiff's mental impairment resulted in moderate limitations impacting Plaintiff's social functioning, and even though he reiterated when making his RFC finding that his RFC is supported by the state agency medical consultant's opinion (to which he gave "great weight," see infra), which he explained found "no more than moderate limitations in any area of mental functioning," including social functioning. (R. 14, 19).

In his decision, the ALJ actually accorded great weight to several opinions in the record. First, the ALJ noted that consultative psychological examiner David Prybock, Ph.D., found on

6

August 15, 2011, that Plaintiff has, among other things, marked limitations in several areas of social functioning (including limitations in interacting appropriately with the public, supervisors, and co-workers). (R. 14, 17, 19, 827). Notably, the ALJ explained that he gave Dr. Prybock's opinion "great weight" to the extent that it reflects Plaintiff's impairments when she is "not abstinent." (R. 19).

Also, as discussed <u>supra</u>, the ALJ considered the opinion of state agency medical consultant Melissa Diorio, Psy.D., dated August 18, 2011. Dr. Diorio found that Plaintiff has moderate limitations in social functioning, including limitations in the ability to interact appropriately with the general public, and limitations in the ability to accept instructions and respond appropriately to criticism from supervisors. (R. 19, 61). The ALJ stated that he gave Dr. Diorio's opinion "great weight" as well, but that he considered her opinion with regard to Plaintiff's "overall functioning in the absence of any alcohol abuse." (R. 19). Nevertheless, while the ALJ appears to have agreed with Dr. Diorio's findings in his discussion of the evidence, he declined to include any limitations in social functioning in the RFC, nor did he include any such limitations in his hypothetical question to the VE, and he failed to provide any explanation as to why he chose not to do so.

RFC is defined as "'that which an individual is still able to do despite the limitations caused by his or her impairment(s).'" <u>Fargnoli</u>, 247 F.3d at 40 (quoting <u>Burnett v. Comm'r of Soc. Sec. Admin.</u>, 220 F.3d 112, 121 (3d Cir. 2000)); <u>see also</u> 20 C.F.R. § 416.945(a). Not only must an ALJ consider all relevant evidence in determining an individual's RFC, the RFC finding "must 'be accompanied by a clear and satisfactory explication of the basis on which it rests.'" <u>Fargnoli</u>, 247 F.3d at 41 (quoting <u>Cotter v. Harris</u>, 642 F.2d 700, 704 (3d Cir. 1981)). "'[A]n examiner's findings should be as comprehensive and analytical as feasible and, where

7

appropriate, should include a statement of subordinate factual foundations on which ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision.'" Id. (quoting Cotter, 642 F.2d at 705); see also SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996) ("The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations).").

Furthermore, a hypothetical question to a VE must accurately portray the claimant's physical and mental impairments, although it need reflect only those impairments that are supported by the record. See Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d Cir. 1987). "Where there exists in the record medically undisputed evidence of specific impairments not included in a hypothetical question to a vocational expert, the expert's response is not considered substantial evidence." Burns v. Barnhart, 312 F.3d 113, 123 (3d Cir. 2002).

Under the facts of this case, the Court cannot find that the RFC is supported by substantial evidence, nor can the VE's response to the corresponding hypothetical question be said to constitute substantial evidence, because in failing to address the issue of Plaintiff's impairment in social functioning, it is not clear whether the ALJ chose to reject the need for a limitation concerning Plaintiff's social functioning in the RFC, whether he felt that the RFC fully accounted for Plaintiff's social functioning limitations, or whether the omission of a limitation concerning Plaintiff's social functioning was merely unintentional. The ALJ noted that Plaintiff has moderate limitations impacting her social functioning, he expressly relied on an opinion which found such moderate limitations, and he should have either included some relevant limitation in the RFC or provided an adequate explanation for his failure to do so. See, e.g., Valansky v. Colvin, 2014 WL 469893, at *2-3 (W.D. Pa. Feb. 6, 2014) (holding that, where the

ALJ expressly found that the plaintiff had moderate limitations in social functioning but failed to accurately portray such limitations in the RFC and in the hypothetical question to the VE, remand was required to allow the ALJ to reassess the RFC and the hypothetical, or to clarify why the RFC and hypothetical failed to include those limitations); Seagraves v. Colvin, 2014 WL 657549, at *2 (W.D. Pa. Feb. 20, 2014) (finding that where the ALJ found the plaintiff to have moderate limitations in social functioning, but did not include social functioning limitations in his RFC or in the hypothetical, the VE's answer to the hypothetical as posed cannot be said to constitute substantial evidence on which the ALJ may rely, and remand was appropriate to allow the ALJ to reassess the RFC and hypothetical, or to clarify his failure to account for those limitations). Therefore, under the facts of this particular case, remand is required to allow for reassessment of the RFC and hypothetical question, or for clarification as to the rationale for not including any specific social functioning limitations in the RFC and in the hypothetical question to the VE.

Additionally, although the Court takes no position as to any other potential issues,[1] the ALJ should, of course, ensure that proper weight be accorded to the various opinions and medical evidence presented in the record, and he should verify that all his conclusions concerning Plaintiff's RFC are adequately explained, in order to eliminate the need for any future remand. Indeed, the Court expresses no opinion as to whether the ALJ's RFC determination and hypothetical question to the VE can, in fact, be supported by the record. It is, instead, the need for further assessment and/or clarification that mandates the remand on this issue.

---

[1] On remand, the ALJ should be sure to explain adequately the basis for his determination that some restrictions only apply in conjunction with Plaintiff's alcohol abuse.

## V. Conclusion

In short, the record in this case simply does not permit the Court to determine whether the ALJ's determination of Plaintiff's RFC is supported by substantial evidence, nor whether the VE's answer to the ALJ's hypothetical question constitutes substantial evidence upon which the ALJ properly relied in making his determination. Accordingly, the Court finds that substantial evidence does not support the ALJ's decision in this case. The Court hereby remands this case to the ALJ for reconsideration consistent with this Order.

s/Alan N. Bloch<br>
United States District Judge

ecf: Counsel of record